856 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Douglas DAVIDSON, Plaintiff-Appellant,
v.
Calvin EDWARDS; U.S. Attorney General; U.S. Parole
Commission, Defendants- Appellees.
 No. 88-1060.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1988.
 
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9)a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se federal prisoner appeals the district court's dismissal with prejudice of his emergency petition for mandamus seeking release from custody.
 
 
 3
 In 1975, petitioner was convicted of conspiracy to distribute heroin and cocaine and was sentenced to fifteen years imprisonment. In 1980, he was released on parole. In 1983, the United States Parole Commission issued a warrant directing the U.S. Marshal to take custody of the petitioner for possession of a gun without authorization and for unauthorized drug use. Apparently, there was about a fifteen day delay in petitioner being served with a copy of the warrant. He was, however, orally informed of the reasons for his detention. In his petition, petitioner argued that his due process rights were violated by the delay in his receiving a copy of the warrant. The magistrate assigned to the case recommended dismissal of the suit on the ground of res judicata. On de novo review, the district court adopted the magistrate's recommendation, and granted summary judgment for the defendants.
 
 
 4
 Initially, we construe petitioner's suit as one seeking a writ of habeas corpus under 28 U.S.C. Sec. 2241 because he essentially seeks release from his confinement. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973).
 
 
 5
 Upon review, we affirm the dismissal of petitioner's suit. Petitioner raised the same claim in a suit filed with the district court for the Northern District of Illinois. That court dismissed the suit, and the Seventh Circuit Court of Appeals affirmed, holding that the delay in serving the warrant did not violate due process. See Davidson v. Luther, No. 83-2469 (7th Cir. May 9, 1984). The doctrine of res judicata is not to be applied strictly to habeas corpus proceedings. The principle of finality of judgments in such proceedings is as follows:
 
 
 6
 No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus and the petition presents no new ground not theretofore presented and determined, and the judge of court is satisfied that the ends of justice will not be served by such inquiry. (Emphasis added.)
 
 
 7
 Sec. 2244(a), Title 28, U.S.C. The Supreme Court has recently interpreted the "ends of justice" principle as follows:
 
 
 8
 [W]e conclude that the "ends of justice" require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence.... The prisoner may make the requisite showing by establishing that under the probative evidence he has a colorable claim of factual innocence.
 
 
 9
 Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986).
 
 
 10
 Petitioner has not made a "colorable claim of factual innocence" nor has he shown that the decision of the Seventh Circuit is unfair or unjust. Therefore, the ends of justice would not be served by our reaching the merits of this case.
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.